UNITED STATES of America, Plaintiff,

v.

FRESNO UNIFIED SCHOOL DISTRICT
et al., Defendants.

No. F-75-220-Civ.

United States District Court,
E. D. California.

April 27, 1976.

Daniel L. Bell, II, Atty., Dept. of Justice, McLean, Va., by Brewster Q. Morgan, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Robert M. Wash, County Counsel of Fresno County, by Thomas J. Riggs, Deputy County Counsel, Fresno, Cal., for defendants.

## FURTHER MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS

CROCKER, District Judge.

On December 11, 1975, the Attorney General filed suit on behalf of the United States against the defendant School District, the District Superintendent and members of the District's Governing Board. The complaint alleges that the actions of the defendants ". . . constitute a pattern or practice of resistance to the full enjoyment by women of the right to equal employment opportunity guaranteed them by Title VII."

The complaint further alleges that the court has jurisdiction on the basis of Title 42, United States Code, Section 2000e–6(b) which authorizes so-called pattern or practice suits and Title 28, United States Code, Section 1345 which is the general jurisdictional grant to the district courts to entertain actions specifically authorized by statute.

The defendants have moved to dismiss the complaint and the action pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of jurisdiction over the subject matter and 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants assert that the Attorney General has no present authority under Title 42, United States Code, Section 2000e–6, to bring a pattern or practice suit against a political subdivision such as the School District because that authority was transferred to the Equal Employment Opportunity Commission by the 1972 Amendments to the 1964 Civil Rights Act.

The language of the statute in question compels this court to grant the motion to dismiss. Prior to the 1972 amendments to Title VII of the 1964 Civil Rights Act, the sole authority to bring pattern or practice suits was lodged in the Attorney General. Section 2000e–6(a) of Title VII presently retains the original language from the 1964 Act that recites that the Attorney General had this authority. Subdivision (c), however, states that on March 24, 1974, "the

functions of the Attorney General under this section shall be transferred to the Commission, together with such personnel, property, records, . . ." etc., and subdivision (d) provides that the EEOC would be substituted as a party for the Attorney General in existing lawsuits on that date. Subdivision (e) authorized the EEOC to commence investigating and acting upon pattern or practice charges in 1972 so that there would be a two year overlap of authority to facilitate a smooth transfer of functions. Subdivision (e) also provides, in most significant language, that all actions brought by the Commission "shall be conducted in accordance with the procedures set forth in section 2000e–5."

Section 2000e–5(b) provides that an employer shall be given notice by the Commission of a charge of unlawful employment practices. The Commission must then determine if there is reasonable cause to believe such charge is true, and if such cause is found, attempt to informally conciliate the dispute. Subdivisions (c) and (d) require the Commission to defer for sixty days to state or local authorities authorized to act under state or local law to remedy the practice. Subdivision (f)(1) provides that if after a thirty day period the Commission "has been unable to secure from the respondent a conciliation agreement acceptable to the Commission", a civil action may be brought in the appropriate United States District Court.

It appears that in enacting the 1972 Amendments Congress intended to transfer the entire pattern or practice jurisdiction to the Equal Employment Opportunity Commission and it also appears that it was intended that the Commission would follow the Section 2000e–5 procedures in pursuing those cases. Although the statutory language is unmistakable, the Attorney General argues that it is ambiguous and thus the legislative history should be looked to for guidance. The Congressional debates and reports, however, do not support the Attorney General's contention; in fact, the histo-

ry reinforces the conclusion that the statute means what it says. The committee report on the bill when it was first reported out of the Senate Labor and Public Welfare Committee contained the following observations:

"[T]he committee believes that with the enactment of legislation providing the Commission with effective power to enforce title VII, the further retention of section 707 in the Department of Justice is not necessary. With the adoption of this bill, the Federal Government, through the procedures of the Commission, will be able to pursue a unified program of attack upon all elements of employment discrimination.

Employees would benefit by having to look to only one agency to obtain relief; employers similarly would be free from the burden of multiple investigations examining their employment policies and personnel records in response to similar or identical complaints filed with different agencies.

Similarly, the duplication of effort that would inevitably result from similar pursuits of identical complaints, with the appurtenant double expense and unnecessary waste of scarce legal talent, is something the committee wishes to avoid by effecting the transfer."

(*Legislative History of the Equal Employment Opportunity Act of 1972,* prepared by the Senate Subcommittee on Labor of the Committee on Labor and Public Welfare, U. S. Govt. Printing Office, Nov. 1972, p. 437) Similar observations were made by a House committee report which also noted that it is the Commission that is best able to determine where pattern or practice litigation is warranted because it has access to the most current statistical information regarding employment patterns and because it has the most extensive expertise in dealing with employment discrimination (Ibid. p. 74).

The defendants assert by affidavit that the Commission has had no involvement with this case from its inception and that

394

the Commission has not complied with the express requirements of Title 42, United States Code, Sections 2000e–6(e) and 2000e–5. The Attorney General has not contended otherwise. He has based his standing solely upon the contention that the Justice Department's former independent pattern or practice authority survived the 1972 Civil Rights Act Amendment. The Attorney General's argument is, however, without merit. He presently has no authority to act on his own initiative in a pattern or practice case. Therefore,

IT IS ORDERED that the defendants' motion to dismiss is granted. The complaint is dismissed without leave to amend and the action is dismissed.